**UNITED STATES of America**

v.

**Juan NAVARRO, Defendant**

**No. CR. 02–127–P–C.**

United States District Court,
D. Maine.

Jan. 23, 2003.

Henry W. Griffin, Lewiston, ME, for Manolin Feliz Terrero.

Robert J. Ruffner, Vincent, Kantz & Ruffner, Portland, ME, for Maurico Berguette Meran.

Michael J. Waxman, Portland, ME, for Kirbin Antonio Feliz.

Peter J. Cyr, Law Office of Anthony J. Sineni, Portland, ME, for Juan Antonio Navarro.

Jonathan R. Chapman, Office of U.S. Atty., Portland, ME, for U.S.

### MEMORANDUM AND ORDER DENYING APPEAL OF DETENTION ORDER

GENE CARTER, Senior District Judge.

Defendant is charged in a Criminal Complaint herein with the offense of conspiracy to commit the offense of distribution and possession with intent to distribute fifty (50) grams or more of cocaine base. Docket Item No. 1. The Government moved for Defendant's pretrial detention pursuant to 18 U.S.C. § 3142. Docket Item No. 2. On November 26, 2002, Magistrate Judge Brownell entered the Temporary Detention Order (Docket Item No. 4) which was followed by entry, after hearing, on December 3, 2002, of an Order of Detention denying Defendant pretrial admission to bail. Docket Item No. 6. Defendant has appealed that detention order pursuant to 18 U.S.C. § 3145(b).

The Court held a hearing on the appeal and received testimony additional to that before the Magistrate Judge consisting of the testimony of Evelez Felix, who is proposed as a third-party custodian of Defendant if admitted to bail. The Court has carefully reviewed the testimony and the exhibit that compose the record on which the Magistrate Judge acted in entering the Order of Detention. The Court finds amply supported in the record and **AFFIRMS** the findings of fact set out in the detention order at pp. 1–2. The Court **CONCURS** with the determination of the Magistrate Judge that on the record made before him, Defendant had not rebutted the applicable statutory presumption, and the resulting conclusion that, considering the nature and seriousness of the charge against Defendant, his apparent leadership role in the offense conduct, and his ready access to larger quantities of cocaine, no condition of release would reasonably assure Defendant's future court appearances or the safety of the community. *Id.* at 3. The Government has satisfied its ultimate burden of persuasion on the issue, and the findings of the Magistrate Judge are supported by clear and convincing evidence in the record made before the Magistrate Judge.

The record made on the appeal adds nothing new that changes the correctness of the conclusion that, considering the factors specified in 18 U.S.C. § 3142(g)(1–4), there is no condition or combination of conditions proposed or known to the Court

that will reasonably assure Defendant's future appearance before the Court or the safety of the community. The proposed bail of $2,000 made up of contributions of friends and family members ranging from $100 to $500 is not adequate to provide meaningful assurance that Defendant will appear or that those posting the bail will, collectively or individually, be sufficiently motivated by the amounts they have at risk to pressure Defendant to appear and otherwise comply with the conditions of bail should he be reluctant to do so.

Ms. Felix is not a satisfactory third-party custodian; that is, one on whom the Court can rely with reasonable assurance to secure Defendant's appearance or other compliance with conditions of bail. She is Defendant's sister. She baldly states, "He is my little brother and I would do anything to help him." The Court takes that to indicate a blind devotion to the Defendant and an inclination to help him serve his interests *as he perceives them* to be at any particular time and not an attitude conducive to her effective effort to secure his compliance with the conditions of bail regardless of his perceived interest, especially if he should perceive such compliance to be against his desires or interest. She knows little about him. She claims to see him several times each week, but it is apparent that that occurs, if it does, only because they often reside in the same neighborhood and those observations by her of Defendant are only in passing and involve no meaningful interaction.

Ms. Felix otherwise has had little meaningful contact with Defendant. She knows nothing about his considerable prior criminal record or any trouble in which he has been involved in the past. She pledges only to secure his compliance with his bail obligation while "he is in [her] house." Yet it is apparent that she will be away from the house at work for at least 37 hours a week. It is apparent that Ms. Felix will not be able to secure Defendant's continuous presence in her house and that she cannot exercise any meaningful control over him while he is *not* there present. She has had no knowledge of Defendant's prior involvement in drug trafficking, any travel to Maine Defendant has recently undertaken, or of the Defendant's association with the alleged co-conspirators in the present offense conduct.

Considering all of the evidence now in the record, the Court **CONCLUDES** that there is clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance or the safety of the community if Defendant is admitted to bail. It is hereby **ORDERED** that the appeal be, and it is hereby, **DENIED** and that the Order of Detention of December 3, 2002, be, and it is hereby, **AFFIRMED** on the supplemented record and that Defendant stand committed as specified in the Order of Detention and on the conditions stated therein.

So **ORDERED**.